**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9          SAN JOSE DIVISION

10   Joel Baptista,                                      NO. C 09-04382 JW

11                     Petitioner,                       **ORDER TO SHOW CAUSE RE: WRIT OF**
                                                         **HABEAS CORPUS PETITION**
          v.
12
     Ken Clark, Warden,
13
                       Respondent.
14   _____/

15                                   **I.  INTRODUCTION**

16          Petitioner, represented by counsel, filed a petition for writ of habeas corpus ("Petition")

17   pursuant to U.S.C. § 2254 challenging the legality of his confinement as a violation of his

18   constitutional rights.  The Court orders Respondent to show cause why the Petition should not be

19   granted.

20                                   **I.  BACKGROUND**

21          According to the Petition, on January 4, 1996, Petitioner was sentenced to fifty-three years in

22   prison for one count each of Cal. Penal Code §§ 288.5 and 288(a) (continuous lewd conduct/lewd

23   conduct with a minor under fourteen years old) with a finding that petitioner had previously been

24   convicted of a violation of Cal. Penal Code § 288(c) (oral copulation with a minor under fourteen

25   years old).

26          On October 9, 1998, Petitioner filed his petition for writ of habeas corpus in the Superior

27   Court of California for the County of Alameda.  On July 21, 1999, the Superior Court denied his

28   petition.  On April 20, 2000, the California Court of Appeals denied his petition.  On April 21, 2008,

1  petitioner filed a pro se petition in the California Supreme Court, which was denied.  On December

2  3, 2008, Petitioner filed a second petition in the California Supreme Court, which was also denied.

3                                       **III.  DISCUSSION**

4  **A.**       **Standard of Review**

5        A district court may entertain a petition for writ of habeas corpus "in behalf of a person in

6  custody pursuant to the judgment of a State court only on the ground that he is in custody in

7  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v.</u>

8  <u>Hodges</u>, 423 U.S. 19, 21 (1975).

9        A district court shall "award the writ or issue an order directing the respondent to show cause

10  why the writ should not be granted, unless it appear from the application that the applicant or person

11  detained is not entitled thereto."  28 U.S.C. § 2243.

12  **B.**       **Petitioner's Claim**

13        Petitioner alleges that he was deprived of his right to have a timely collateral relief petition

14  filed in the California Supreme Court through the ineffective assistance of his habeas corpus

15  counsel, Frank Prantil ("Prantil").  Specifically, Petitioner contends that although a petitioner

16  normally does not have the Sixth Amendment right to effective assistance of counsel on habeas

17  corpus, in this case there was substantial government involvement in Prantil's unjustifiable delays in

18  filing the habeas corpus petition in the California Supreme Court.  Petitioner contends that since the

19  State Bar Court had commenced formal proceedings against Prantil during the time he was

20  representing Petitioner, the State Bar with minimal investigation could have discovered that Prantil

21  had failed to file a habeas corpus petition on behalf of Petitioner in the California Supreme Court.

22  Petitioner further contends that once it undertook a formal investigation of Prantil, the State Bar

23  Court had a duty of care to take basic measures to protect his clients.  Since the State Bar Court is a

24  governmental entity, Petitioner contends that its failure to take any such protective measures on his

25  behalf constituted a violation of his Sixth Amendment right to counsel.  Liberally construed,

26  Petitioner's claim appears cognizable under § 2254 and merits an answer from Respondent.

27

28

**United States District Court**
For the Northern District of California

1    In light of Petitioner's claim, the Court orders Respondent to show cause why the

2  Petitioner's petition for a writ of habeas corpus should not be granted.

### IV.  CONCLUSION

4    The Court ORDERS as follows:

5    1.    The Clerk shall serve by mail a copy of this Order and the petition and all

6          attachments upon Respondent and Respondent's attorney, the Attorney General of the

7          State of California.  The Clerk shall also serve a copy of this Order on the Petitioner.

8    2.    Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of

9          the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

10         Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

11         not be granted.  Respondent shall file with the answer and serve on Petitioner a copy

12         of all portions of the underlying state criminal record that have been transcribed

13         previously and that are relevant to a determination of the issues presented by the

14         petition.

15   3.    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with

16         the Court and serving it on Respondent within **thirty (30) days** of his receipt of the

17         answer.

18   4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

19         as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

20         Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the

21         Court and serve on Respondent an opposition or statement of non-opposition within

22         **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court

23         and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

24   5.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all

25         communications with the Court must be served on Respondent by mailing a true copy

26         of the document to Respondent's counsel.  Petitioner must keep the Court and all

27         parties informed of any change of address by filing a separate paper captioned

**United States District Court**
For the Northern District of California

28

3

1    "Notice of Change of Address."  He must comply with the Court's Orders in a timely

2    fashion.  Failure to do so may result in the dismissal of this action for failure to

3    prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4

5

6    Dated:  November 5, 2009

     _____

7    JAMES WARE
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            4

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Paul Gilruth McCarthy pablito@lmi.net
   Robert Joseph Beles pablito@lmi.net

3

4  **Dated:  November 5, 2009**                  **Richard W. Wieking, Clerk**

5

6                                                **By:      /s/ JW Chambers**
                                                     **Elizabeth Garcia**
                                                     **Courtroom Deputy**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28