UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOEL BAPTISTA,<br><br>    Petitioner,<br><br>  vs.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | Case No: C 09-04382 SBA<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME**<br><br>Docket 19 |

The parties are presently before the Court on Petitioner's Motion for Extension of Time to File Appeal. Dkt. 19. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

Petitioner Joel Baptista, a state prisoner, filed a petition for a writ of habeas corpus in this Court on September 17, 2009. Dkt. 1. On September 30, 2010, the Court granted Respondent's motion to dismiss Petitioner's habeas petition, and judgment was entered accordingly. Dkt. 15, 16. Under Federal Rule of Appellate Procedure 4(a)(1)(A), Petitioner had thirty days to appeal, meaning that his deadline to file a notice of appeal was November 1, 2010.

On November 3, 2010, Petitioner filed the instant motion for an extension of time to appeal, pursuant to Rule 4(a)(5), two days passed the thirty-day deadline to file a notice of appeal. Petitioner attributes his failure to meet this deadline to the "excusable neglect" of his counsel. Specifically, after the calendar clerk working for his attorney left on maternity leave, Petitioner's attorney's mistakenly calendared the deadline for appeal as November 2, 2010, rather than November 1, 2010. McCurley Decl. ¶¶ 4-5.

## II.     DISCUSSION

Rule 4(a)(1)(A) provides that in civil cases a notice of appeal must be filed within thirty days after the judgment is entered. However, Rule 4(a)(5)(A) provides that the time to file a notice of appeal may be extended if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

The Ninth Circuit has held that in analyzing whether a party's neglect was excusable for purposes of Rule 4(a), courts should apply the test articulated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993). Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc). Under Pioneer, the court considers (1) "the danger of prejudice to the [non-moving party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the moving party's conduct was in good faith." 507 U.S. at 395; see also Mendez v. Knowles, 556 F.3d 757, 765 (9th Cir. 2009) (applying Pioneer to a habeas case).

The Ninth Circuit's decision in Pincay is instructive, as it involved facts similar to the case at bar. In Pincay, the defendant failed to timely file a notice of appeal because a paralegal working for defendant's attorney misread Rule 4(a). On appeal, the circuit court upheld the district court's determination that such neglect was excusable under Pioneer because "1) there was no prejudice, 2) the length of delay was small, 3) the reason for the delay was carelessness, and 4) there was no evidence of bad faith." Pincay, 398 F.3d at

855-856.  The Pincay court further noted that the decision of "whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court because the district court is in a better position than we are to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of the representation [], and the likelihood of injustice if the appeal was not allowed."  Id. at 859.

Applying Pioneer and the rationale of Pincay, the Court is persuaded that Petitioner's counsel's neglect is excusable.  With regard to the first Pioneer factor, there is no evidence or claim by Respondent that it will be prejudiced by the requested extension.  As to the second Pioneer factor, the length of the delay—two days—is minimal, and far shorter than the delay in Pincay.  The third factor, "the reason for the delay, including whether it was within the reasonable control of the movant," is analogous to Pincay in that the error was due to the inadvertence of the attorney's office.  With respect to the fourth Pioneer factor, there is no evidence that the tardy filing was in bad faith.  Moreover, by all accounts, Petitioner's counsel has been diligent and provided adequate legal representation in this matter.  See Pincay, 398 F.3d at 859.  In contrast, the likelihood of injustice absent an extension of time is significant, particularly in comparison to the minimal delay resulting from the requested extension.  On balance, the above factors militate in favor of allowing Petitioner an extension of time to appeal.

### III.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Petitioner's Motion for Extension of Time to File Notice of Appeal is GRANTED.  The motion hearing scheduled for January 25, 2011, is VACATED.  This Order terminates Docket 19.

IT IS SO ORDERED.

Dated:  January 20, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28